FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAY 11 2015

CHRISTOPHER A. PRINE
CLERK

First Court of Appeals

301 Fannin St.

Houston, TX 77002-2066

Larry Doral

SPN# 02686480

Appeal # 01-14-00393-CR

Dear Mr. Christopher A. Prine,

In December of 2013, I accepted a plea of deferred adjudification of two years for possesion of controlled substance (case#1393714). In February of 2014, I was charged with unlawful possesion of firearm (case#1941884) due to suspension of my CHL.

Immediately after the charge, I hired an attorney by the name of Adrian Morley (SPN# b4460775) to represent me for the violation of probation. His suggestion was that I should plead truth to the violation and once the unlawful possesion of firearm was disposed of, he would then appeal the violation of probation to get me reinstated.

Due to being confused and overwhelmed with the entire process combined with the obvious incompetency of Mr. Morley, I signed the truth plea and received a four year sentence to TDC. Mr. Morley filed the appeal (01-14-00393-CR) a week later and I was offered a third bond of $100,000. Because he was unable to reduce the bond and I had bonded out and revoked of bail two times, I hired another lawyer by the name of Paul Darrow (SPN#02327731).

In July of 2014, Mr. Darrow was able to dismiss the case of unlawful possesion of firearm but suggested me to hire an appeal lawyer because he was not experienced in the court of appeals.

I have been in custody at Harris County Jail since April of 2014. I received several letters regarding my appeal. I made numerous

phone calls to Mr. Morley who filed the appeal but he could not be reached. In April of 2015, I was summoned to court 351 for the hearing of my decision. I was asked if I wanted to appeal the violation. I confirmed that I would indeed appeal the case if given the opportunity. I had dismissed Mr. Morley and was granted a court appointed lawyer whom then informed me that an appeal was not possible because I pled truth to the violation.

While this process was running its course, I was interviewed and reviewed by the parole board in October of 2014 and have yet to receive any feedback after about six months. I hired a parole lawyer immediately after the interview and was informed it is typically a one year set back if denied.

I am requesting that my appeal to be disposed of as quickly as possible to begin the process of transfer to TDC in order to receive my TDC-ID and to prepare for my next parole review.

U.S. POSTAGE >> PITNEY BOWES

ZIP 77002 $ 000.48[0]
02 1W
0001374179 MAY 07 2015

HCSO

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**
Name: Larry Doran
SPN: 02656630    Cell: 1B1
Street: 711 N. San Jacinto
Houston, Texas 77002

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

MAY 11 2015

CHRISTOPHER A. PRINE
CLERK

**INDIGENT**

First Court of Appeals
301 Fannin St.
Houston, TX 77002-2066

MAIL RECEIVED

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

MAY - 2015

CHRISTOPHER A. PRINE
CLERK